# EXHIBIT B-5

**Department of Health and Human Services**
**OFFICE OF MEDICARE HEARINGS AND APPEALS**
Kansas City, MO

| | |
|---|---|
| Appeal of: Family Foot and Leg Center | OMHA Appeal No.: 3-12797782057 |
| Beneficiary: M. Y[redacted] | Medicare Part: B |
| Medicare No.: [redacted] | Before: LaSandra Morrison<br>Administrative Law Judge |

## DECISION

After considering the evidence and arguments presented in the record, the undersigned enters an **UNFAVORABLE** decision. Family Foot and Leg Center ("Appellant") is not entitled to Medicare coverage and payment for the application of skin substitute graft to wound of trunk, arms, or legs, 25.0 square centimeters or less of wound (Code 15271) and Procenta wound covering, per 200 milligram (Code Q4244) provided to the Beneficiary for the date of service of December 9, 2022. Liability is limited with respect to the Beneficiary, and the Appellant is responsible for the noncovered costs.

## PROCEDURAL HISTORY

The Appellant billed Medicare for skin substitute graft (Code 15271) and Procenta wound covering (Code Q4244) provided to the Beneficiary for the date of service under review. Initially and upon redetermination, the Medicare Administrative Contractor ("Contractor") denied the claim. On June 30, 2023, the Medicare Qualified Independent Contractor ("QIC"), entered an unfavorable reconsideration decision.

On August 24, 2023, the Office of Medicare Hearings and Appeals ("OMHA") received the Appellant's request for an Administrative Law Judge ("ALJ") decision based on the evidence in the record along with a waiver of right to a hearing. The notice was timely filed, and the amount in controversy satisfies the jurisdictional requirement for a hearing. Accordingly, this decision is being decided based on the written record under 42 C.F.R. § 1038(b). The ALJ admitted and considered all Exhibits, except those marked duplicative or non-probative. The record is now closed.

## ISSUES

All issues for the claims or appealed matter specified in the request for hearing that were brought out in the initial determination, redetermination, or reconsideration that were not decided entirely in a party's favor. More specifically, whether the Appellant met Medicare coverage requirements for the wound treatment services provided on the date of service under review, and if not, who is liable for payment.

## APPLICABLE LAW AND POLICY

In accordance with section 1862(a)(1)(A) of the Social Security Act ("Act"), Medicare may not make a payment under Part A or Part B for anything which is not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member. Further, under section 1833(e) of the Act, the provider is responsible for providing sufficient documentation to support that payment is due and the services were medically necessary and provided as billed. *See also* 42 C.F.R. § 424.5(a)(6).

Absent applicable coverage determinations or manual guidance, Medicare considers an item or service "reasonable and necessary" if it is safe and effective, not experimental or investigational, and appropriate. Medicare Program Integrity Manual ("MPIM"), pub. 100-08, ch. 13, § 13.5.4. Drugs or biologicals approved for marketing by the Food and Drug Administration ("FDA") are considered safe and effective for purposes of this requirement when used for indications specified on the labeling. Medicare Benefits Policy Manual ("MBPM"), pub. 100-02, ch. 15, § 50.4.1. If a service or item is denied coverage based on § 1862(a)(1)(A) of the Act, the limitations on liability provisions, set forth in § 1879(a) of the Act, may be applied to potentially limit a party's liability for the costs of the non-covered claim.

Code of Federal Regulations 21 C.F.R. § 1271.10, General Provisions regarding Human Cells, Tissues, and Cellular and Tissue-Based Products (HCT/P's) provides the following:

> **Are my HCT/P's regulated solely under section 361 of the PHS Act and the regulations in this part, and if so what must I do?**
>
> (a) An HCT/P is regulated solely under section 361 of the PHS Act and the regulations in this part if it meets all of the following criteria:
>
> 1) The HCT/P is minimally manipulated;
> 2) The HCT/P is intended for homologous use only, as reflected by the labeling, advertising, or other indications of the manufacturer's objective intent;
> 3) The manufacture of the HCT/P does not involve the combination of the cells or tissues with another article, except for water, crystalloids, or a sterilizing, preserving, or storage agent, provided that the addition of water, crystalloids, or the sterilizing, preserving, or storage agent does not raise new clinical safety concerns with respect to the HCT/P; and
> 4) Either:
>    i. The HCT/P does not have a systemic effect and is not dependent upon the metabolic activity of living cells for its primary function; or
>    ii. The HCT/P has a systemic effect or is dependent upon the metabolic activity of living cells for its primary function, and:
>       *a.* Is for autologous use;
>       *b.* Is for allogeneic use in a first-degree or second-degree blood relative; or
>       *c.* Is for reproductive use.

## FINDINGS OF FACT AND ANALYSIS

In the instant case, the QIC upheld the denial on the following basis:

> [T]he non-homologous use of this product as investigational and there is no peer-reviewed literature specifically supporting Procenta application in chronic wounds. This product is not approved by the FDA for this use. At this time, it has not been proven to be safe and effective in these circumstances; therefore, it is considered investigational and/or experimental. Payment cannot be allowed for the Q4244 service.
>
> The QIC also finds the procedure code 15271 was billed incorrectly. Per the CPT Manual, the application of Procenta in this instance does not meet the requirements for billing an application of a skin substitute graft. This code is not to be reported for application of a liquid or gel non-graft wound dressing. Therefore, the service 15271 cannot be paid.

(File 3, p. 5). The Appellant argues in its request for ALJ decision that,

> CPT 15721 email from Novitas shows it intended to cover this w Q4244 but had programming issues. Studies and prior favorable QIC decisions regarding the use of Q4244 for wound coverage. I believe that the QIC made a wrong decision, evidence shows that MCR does cover this for wounds and it is for homologous use and is use 361 product when used as a wound covering. (File 4, p. 5).

The Appellant further contends, "[s]ometimes multiple unit application was medically necessary to cover the wound adequately. The use of such is safe, effective and not experimental with numerous peer studies and Medicare's approval of usage of birth tissue products as skin substitutes." (File 4, p. 4). After a thorough review of the record, the undersigned ALJ finds that Medicare coverage does not exist for the services provided to the Beneficiary.

On December 9, 2022, the Beneficiary, a 77-year-old female, underwent sharp debridement and application of Procenta (Q4244, 1 unit per 6 cm square coverage) on the right lower extremity. (File 6, p. 14). *Id.* The physician noted that he chose to use Procenta "due to the chronicity of the wound, and concern for an underlying cellular growth component that is preventing the wound from healing." (File 6, p. 14). The progress notes indicate Procenta was used to promote healing rather than as a wound covering. Therefore, this is non-homologous use, which is not covered under Medicare Part B. *See* 21 C.F.R. § 1271.10. The Appellant identifies the procedure as a skin graft, which appears the meet the 361 approval requirement that it serve as a cover, but as previously stated, the record shows otherwise. The undersigned concludes that the Appellant did not meet Medicare coverage and payment requirements for the services provided to the Beneficiary.

Because the services provided by Appellant did not meet Medicare coverage criteria, liability for payment must be determined. Section 1879 of the Act limits the liability of the Beneficiary and providers of services if the services are found to be not medically reasonable and necessary under section 1862(a)(1) of the Act. In this case, the Beneficiary did not know or reasonably could have been expected to know that the services were not covered. The Appellant, however, was on actual or constructive notice of the applicable coverage standards. The Appellant thus knew or could reasonably have been expected to know that the services provided were not a covered benefit under Medicare pursuant to section 1879 of the Act. *See also* 42 C.F.R. §§ 411.404, 411.406.

## CONCLUSIONS OF LAW

The decision is **UNFAVORABLE**. The skin substitute graft to wound of trunk, arms, or legs, 25.0 square centimeters or less of wound (Code 15271) and Procenta wound covering, per 200 milligram (Code Q4244) provided to the Beneficiary for the date of service of December 9, 2022, was not medically reasonable and necessary in accordance with Medicare rules and guidelines.

## ORDER

For the reasons discussed above, this decision is **UNFAVORABLE.** I direct the Medicare Administrative Contractor to process the claim in accordance with this decision.

**SO ORDERED**

LaSandra Morrison
Administrative Law Judge

DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS) / DEPARTMENTAL APPEALS BOARD Form DAB-101 (12/19)

**REQUEST FOR REVIEW OF ADMINISTRATIVE LAW JUDGE (ALJ) MEDICARE DECISION / DISMISSAL**

| | |
|---|---|
| 1. APPELLANT (the party requesting review) | 2. ALJ APPEAL NUMBER (on the decision or dismissal) |
| 3. BENEFICIARY* | 4. MEDICARE NUMBER (Health Insurance Claim Number (HICN) or Medicare Beneficiary Identifier (MBI))* |

*If the request involves multiple claims or multiple beneficiaries, attach a list of beneficiaries, Medicare numbers, and any other information to identify all claims being appealed.

| | |
|---|---|
| 5. PROVIDER, PRACTITIONER, OR SUPPLIER | 6. SPECIFIC ITEM(S) OR SERVICE(S) |

7. Medicare claim type: ☐ Part A ☐ Part B ☐ Part C - Medicare Advantage
☐ Part D - Medicare Prescription Drug Plan ☐ Entitlement/enrollment for Part A or Part B

8. Does this request involve authorization for an item or service that has not yet been furnished?
☐ Yes If Yes, skip to Block 9.
☐ No If No, Specific Dates of Service:

9. If the request involves authorization for a prescription drug under Medicare Part D, would application of the standard appellate timeframe seriously jeopardize the beneficiary's life, health, or ability to regain maximum function (as documented by a physician) such that expedited review is appropriate? ☐ Yes ☐ No

I request that the Medicare Appeals Council review the ALJ's ☐ decision or ☐ dismissal order [check one] dated____________________. I disagree with the ALJ's action because (specify the parts of the ALJ's decision or dismissal you disagree with and why you think the ALJ was wrong):

(Attach additional sheets if you need more space)

**PLEASE ATTACH A COPY OF THE ALJ DECISION OR DISMISSAL ORDER YOU ARE APPEALING.**

| | | | | | |
|---|---|---|---|---|---|
| DATE | | | DATE | | |
| APPELLANT'S NAME (the party requesting review) | | | REPRESENTATIVE'S NAME (include signed appointment of representative if not already submitted) | | |
| ADDRESS | | | ADDRESS | | |
| CITY, STATE, ZIP CODE | | | CITY, STATE, ZIP CODE | | |
| TELEPHONE NUMBER | FAX NUMBER | E-MAIL | TELEPHONE NUMBER | FAX NUMBER | E-MAIL |

(SEE FURTHER INSTRUCTIONS ON PAGE 2)

Form DAB-101 (12/19)

If you have additional evidence, submit it with this request for review. If you need more time, you must request an extension of time in writing now, explaining why you are unable to submit the evidence or legal argument now.

*If you are a provider, supplier, or a beneficiary represented by a provider or supplier, and your case was reconsidered by a Qualified Independent Contractor (QIC), the Medicare Appeals Council will not consider new evidence related to issues the QIC has already considered unless you show that you have a good reason for submitting it for the first time to the Medicare Appeals Council.*

**IMPORTANT: Include the HICN or MBI and ALJ Appeal Number on any letter or other material you submit.**

This request must be received within 60 calendar days after you receive the ALJ's decision or dismissal, unless we extend the time limit for good cause. We assume you received the decision or dismissal 5 calendar days after it was issued, unless you show you received it later. If this request will not be received within 65 calendar days from the date on the decision or dismissal order, please explain why on a separate sheet.

---

You must file your request for review in writing with the Medicare Appeals Council at:

Department of Health and Human Services
Departmental Appeals Board
Medicare Appeals Council, MS 6127
Cohen Building Room G-644
330 Independence Ave., S.W.
Washington, D.C. 20201

You may send the request for review by U.S. Mail, a common carrier such as FedEx, or by fax to (202) 565-0227. If you send a fax, please do not also mail a copy. ***You must send a copy of your appeal to the other parties and indicate that all parties, to include all beneficiaries, have been copied on the request for review. For claims involving multiple beneficiaries, you may submit a copy of the cover letters issued or a spreadsheet of the beneficiaries and addresses who received a copy of the request for review.***

If you have any questions about your request for review or wish to request expedited review of a claim involving authorization of your prescription drug under Medicare Part D, you may call the Medicare Appeals Council's staff in the Medicare Operations Division of the Departmental Appeals Board at (202) 565-0100. You may also visit our web site at www.hhs.gov/dab for additional information on how to file your request for review.

---

## PRIVACY ACT STATEMENT

The collection of information on this form is authorized by the Social Security Act (section 205(a) of title II, section 702 of title VII, section 1155 of Title XI, and sections 1852(g)(5), 1869(b)(1), 1871, 1872, and 1876(c)(5)(B) of title XVIII, as appropriate). The information provided will be used to further document your claim. Information requested on this form is voluntary, but failure to provide all or any part of the requested information may affect the determination of your claim. Information you furnish on this form may be disclosed by the Department of Health and Human Services or the Social Security Administration to another person or governmental agency only with respect to programs under the Social Security Act and to comply with Federal laws requiring the disclosure of information or the exchange of information between the Department of Health and Human Services, the Social Security Administration, or other agencies.

**Department of Health and Human Services**
**OFFICE OF MEDICARE HEARINGS AND APPEALS**
**Kansas City, MO**

| | |
|---|---|
| Appeal of: **Family Foot and Leg Center** | OMHA Appeal No.: **3-12797782057** |
| Beneficiary: **M. Y**[redacted] | Medicare Part: **B** |
| Medicare No.: [redacted] | Before: **LaSandra Morrison** Administrative Law Judge |

Index of the Administrative Record and Exhibit List

| **Exhibit Record** | **Administrative File Reference** File Name | Page Range | |
|---|---|---|---|
| Medical & Related: General | File 7 | 6 | 22 |
| Position Statements: General | File 10 | 1 | 8 |
| Procedural - CMS Levels: General | File 2 | 1 | 3 |
| Procedural - CMS Levels: General: decision | File 3 | 1 | 11 |
| Procedural - CMS Levels: General: Redetermination Case File | File 5 | 1 | 2 |
| Procedural - CMS Levels: Redetermination | File 6 | 1 | 135 |
| Procedural - CMS Levels: Request for Redetermination | File 7 | 1 | 5 |
| Procedural - CMS Levels: General | File 7 | 23 | 37 |
| Procedural - CMS Levels: General: correction of CPT Code in | File 8 | 1 | 135 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 4 | 1 | 217 |
| Procedural - OMHA Level: Request for ALJ Hearing | File 9 | 1 | 3 |

| **Non-Exhibit Record** | **Administrative File Reference** File Name | Page Range | |
|---|---|---|---|
| Records not considered: General | File 1 | 1 | 10 |